Brady, J.
Whatever doubt there may have been before the Code as to the power of the surrogate to punish an administrator for contempt in proceedings of this character; there can no longer be any doubt as to such power and its extent. See §§ 2555, 2552, 2554; see, also Matter of Snyder, 34 Hun, 302. The proceedings for the purpose of justifying the order adjudging the administrator herein guilty of contempt appear to have been regular, the decree relating to the payment of the money was entered, a certified copy of it was served upon the administrator, and a demand made upon him to pay it, which he refused. An order to show cause was then served upon him setting forth the facts, and he appeared upon the return day of the order to show cause, and submitted an affidavit in which he sought to purge himself of the contempt, the chief element of which was that he had no money or property of his own from which he could pay the sums awarded to the referee and special guardian. It is true that the affidavit also contained a statement of alleged wrongs perpetrated upon him and his counsel by the referee and the special guardian upon the accounting.
But these latter allegations were irrelevant. The averment of his inability to pay the sums under the decisions was of no value. It was too general and therefore furnished no answer whatever to the following: Matter of Snyder, supra; Matter of Steinert, 29 Hun, 301.
*656 For these reasons the order appealed from must be affirmed, with ten dollars costs andrdisbursements.
Daniels, J., concurs.